NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUTHER NCHE, | No.   19-73139 |
| Petitioner, | Agency No. A201-436-818 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2020**
Pasadena, California

Before:  RAWLINSON and HUNSAKER, Circuit Judges, and ENGLAND,***
District Judge.

Luther Nche, a citizen and native of Cameroon, petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of his appeal from the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Morrison C. England, Jr., United States Senior District
Judge for the Eastern District of California, sitting by designation.

immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review adverse credibility findings under the substantial evidence standard. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). Under this standard, we may reverse the BIA's decision only if the petitioner presents evidence that is "so compelling that no reasonable factfinder could find that he was not credible." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (internal quotation marks omitted).

Under the REAL ID Act, "[i]nconsistencies no longer need to 'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)). Thus, "even minor inconsistencies . . . may, when considered collectively, deprive [the] claim of the requisite ring of truth, thereby supplying substantial evidence that will sustain the IJ's adverse credibility determination." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (internal quotation marks omitted).

Substantial evidence supports the denial of relief on adverse credibility grounds due to inconsistencies in the record. The IJ found, and the BIA affirmed, that there were multiple non-trivial inconsistencies between Nche's testimony and

documentary evidence. Specifically, the IJ identified conflicts between Nche's testimony and the medical record concerning the injuries he sustained from a beating following the September 24, 2018, meeting, and whether the police, military, or a mixed force had attacked him. Taken together, these inconsistencies support the IJ's adverse credibility finding under the REAL ID Act, and thus, we are not "compelled to conclude" that the IJ's credibility determination was erroneous. 8 U.S.C. § 1252(b)(4)(B). Because the IJ's credibility finding was supported by substantial evidence and because the record does not contain sufficient independent, objective evidence to establish Nche is entitled to protection under CAT, the denial of Nche's applications for relief was proper. *See Farah*, 348 F.3d at 1156–57; *Shrestha*, 590 F.3d at 1048–49.

Nche's motion for a stay of removal (Docket Entry No. 1) is DENIED as moot. The temporary stay of removal will expire upon issuance of the mandate.

**PETITION DENIED.**